**Evangelina Igno REYES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 80–7716.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 1981.

Decided April 7, 1982.

9. Apricots, 21 C.F.R. § 145.115(a)(3)(i)(b); peaches, 21 C.F.R. § 145.170(a)(3)(i)(b); pears, 21 C.F.R. § 145.175(a)(3)(i)(b).

Lloyd A. Tasoff, Tasoff & Tasoff, Los Angeles, Cal., for petitioner.

Dzintra Janavs, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before CHOY, Circuit Judge, KASHIWA,* Associate Judge, and NORRIS, Circuit Judge.

CHOY, Circuit Judge:

Evangelina Igno Reyes petitions for review of the denial by the Board of Immigration Appeals (Board) of her motion to reopen her deportation hearing. The Board

* The Honorable Shiro Kashiwa, Associate Judge, United States Court of Claims, sitting by desig-

ruled that Reyes had not established a prima facie case of extreme hardship as required to reopen her hearing because it did not believe the facts stated in the affidavits submitted by Reyes. We believe that the Board abused its discretion in prematurely assessing the truth of the facts stated in the affidavits. Accordingly, we reverse.

I. *Facts*

Petitioner Reyes, a native citizen of the Philippines, entered the United States on October 10, 1968 as a non-immigrant visitor. She overstayed her visa and was found deportable at a hearing before a special inquiry officer on May 25, 1970. Reyes was granted the privilege of voluntary departure but failed to depart. Instead, she panicked and went into hiding. She remained in hiding for over nine years during which time her parents and seven brothers and sisters immigrated to the United States.

In July 1979, Reyes voluntarily presented herself to immigration authorities. She then filed a motion to reopen her deportation hearing so that she could apply for suspension of deportation pursuant to § 244(a)(1) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1254(a)(1).

Section 1254(a)(1) permits the Attorney General in his discretion to suspend deportation and adjust the status of an alien to that of a lawful permanent resident. To be eligible for the discretionary relief provided by § 1254(a)(1), the alien must first establish (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of application; (2) good moral character during that period; and (3) that deportation would result in extreme hardship to the alien or the alien's spouse, parent, or child who is a citizen or permanent resident of the United States.

Reyes' motion to reopen was denied by an immigration law judge and she appealed to the Board. Of the three prerequisites for

nation.

relief under § 1254(a)(1), only the existence of extreme hardship was disputed.[1] To substantiate her claim that her permanent-resident parents would suffer extreme hardship if she were deported, Reyes submitted affidavits from herself and her parents. The affidavits stated that Reyes' parents are elderly and in precarious health; that her father suffers from hypertension, kidney malfunction, heart disease and glaucoma; that Reyes is the only child who lives with her parents; that both parents depend on Reyes for transportation to doctors, assistance in household chores, and companionship; and that Reyes is their only source of income since their other children have financial problems and are unable to help.

The Board dismissed Reyes' appeal, ruling that Reyes had failed to make a prima facie showing that her deportation would result in extreme hardship. The Board's ruling was based on its disbelief of the truth of the facts stated in the affidavits of Reyes and her parents. The Board explained:

> While the respondent alleges that her deportation would result in extreme hardship to her parents were she to be deported, we note that respondent has seven brothers and sisters living in the United States. No evidence was submitted, other than respondent's affidavit,[2] to indicate that they would be unable to help their parents with their financial and health related needs.

## II. Principles of Review

To succeed on a motion to reopen based on § 1254(a)(1), the alien must make a prima facie showing that deportation will result in extreme hardship. Urbano de Malaluan v. INS, 577 F.2d 589, 592–93 (9th Cir. 1978). The Immigration and Nationality Act commits the definition of "extreme hardship" to the Attorney General and the Board as his delegate. INS v. Wang, 450 U.S. 139, 144, 101 S.Ct. 1027, 1031, 67

L.Ed.2d 123 (1981). While the Board has the discretion to construe "extreme hardship" narrowly, id. at 145, 101 S.Ct. at 1031, the exercise of its discretion must not be "arbitrary, irrational, or contrary to law." Santana-Figueroa v. INS, 644 F.2d 1354, 1355 (9th Cir. 1981).

The responsibility of this court is to review the Board's exercise of discretion to guard against abuse. Id. When the Board distorts or disregards important aspects of the alien's claim, denial of the alien's motion to reopen is arbitrary and the Board has abused its discretion. Id. at 1356. Under such circumstances, the case must be remanded for proper consideration by the Board.

## III. Extreme Hardship

The motion to reopen is only a preliminary proceeding, representing the first in a series of hurdles that the alien must clear to obtain relief under § 1254(a)(1). See Urbano de Malaluan v. INS, 577 F.2d at 592–93. The motion to reopen is not intended to be a substitute for a hearing. Its purpose is merely to allow the Board to screen out those claims that clearly lack merit and thus can be disposed of without a hearing. The function of the Board at the motion-to-reopen stage of the proceedings is not to make a determination of the alien's eligibility for relief under § 1254(a)(1). The function of the Board is merely to determine whether the alien has set forth a prima facie case of eligibility for relief. Id.

The Board ruled that Reyes did not establish a prima facie case of extreme hardship because it disbelieved the facts stated in the affidavits she submitted. The Board's premature assessment and rejection of the truth of the facts stated in Reyes' affidavits in ruling on her motion was manifestly unfair. Wang v. INS, 622 F.2d 1341, 1350 (9th Cir. 1980) (Sneed, J., concurring

1. The Board apparently concedes that Reyes had established the other eligibility conditions set by § 1254(a)(1) of seven years continuous presence and good moral character.

2. It is assumed that the reference to "respondent's affidavit," in the singular, is simply a typographical error. The record shows that Reyes submitted three affidavits.

with result but dissenting from majority opinion) *rev'd on other grounds*, 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981). Since motions to reopen are decided without benefit of a hearing, common notions of fair play and substantial justice generally require that the Board accept as true the facts stated in an alien's affidavits in ruling on his or her motion. *Id.* By rejecting the facts stated in Reyes' affidavits without a hearing, the Board denied Reyes' motion without giving her an opportunity to demonstrate that her version of the facts was true.

The only reason indicated by the Board for its disbelief of the facts stated in Reyes' affidavits was her failure to submit corroborating affidavits from her brothers and sisters. In disbelieving the facts stated in her affidavits because of her failure to corroborate, the Board imposed a heavy burden of evidentiary support on Reyes which is inconsistent with the limited screening function served by a motion to reopen. The required production of corroborating affidavits is also inconsistent with the Board's own regulation which only provides that the claim of extreme hardship be supported by affidavits or other evidentiary material. 8 C.F.R. § 3.8(a) (1981).[3] The three consistent and apparently reliable affidavits submitted by Reyes certainly satisfy the regulation and should have been found sufficient by the Board. Since the production of corroborating affidavits should not have been required, the Board had no valid reason for disbelieving the facts stated in Reyes' affidavits. The Board's disbelief of these facts and the denial of Reyes' motion on that basis was thus arbitrary and constitutes an abuse of discretion.

Because the process by which the Board considered Reyes' motion was defective, the Board's decision to deny Reyes' motion cannot stand. By disbelieving the facts stated in Reyes' affidavits, the Board disregarded the very core of her claim. The case must be remanded so that the Board can properly consider whether Reyes has established a prima facie case of extreme hardship.

This court's recent decision in *Hamid v. INS*, 648 F.2d 635 (9th Cir. 1981), does not compel a contrary result. In *Hamid*, we held that the Board did not abuse its discretion in basing its denial of Hamid's motion to reopen on its disbelief of the facts stated in his wife's affidavit and a letter from his physician. Unlike the present case, the statements in the affidavit submitted in *Hamid* were found by the Board to be "inherently unbelievable." Moreover, the physician's letter which the Board also disbelieved was not a signed affidavit and contained an opinion not within the doctor's expertise. Here Reyes has submitted three consistent affidavits stating facts which are not inherently unbelievable and which are based on personal knowledge. Under these circumstances, Reyes' factual statements must be accepted by the Board as true in its consideration of her motion.

One final aspect of the Board's denial of Reyes' motion · deserves mention. The Board noted that to succeed on a motion to reopen, the alien must not only establish a prima facie case of statutory eligibility under § 1254(a)(1), but must also show that the ultimate grant of relief under § 1254(a)(1) may be warranted as a matter of discretion. The Board stated that the fact that Reyes acquired the seven-year continuous presence required by § 1254(a)(1) through illegal means made the exercise of discretion in her favor unlikely.

We express grave doubts as to whether the Board should be allowed to consider factors other than those pertaining to the establishment of a prima facie case in ruling on a motion to reopen. We decline,

---

3. The regulation strikes an appropriate balance. By requiring that motions to reopen be supported by affidavits or other evidentiary material, the regulation insures that the Board's screening of claims is not illusory, permitting the Board to reject motions not supported by some reliable evidence. *See INS v.*

*Wang*, 450 U.S. at 143, 101 S.Ct. at 1030. On the other hand, by not requiring more stringent evidentiary support, the regulation avoids imposing the potentially high costs on the alien of presenting his or her case in full before knowing whether the motion will be granted.

however, to decide the issue because it is not necessary to our resolution of this case. The Board's denial of Reyes' motion to reopen was based on its finding that she did not establish a prima facie case of extreme hardship. The Board's statement concerning Reyes' acquisition of her seven-year continuous presence through illegal means was mere dictum and not an independent ground for the Board's denial of her motion. Thus, our holding that the Board failed to consider properly Reyes' prima facie claim of extreme hardship requires reversal and remand regardless of our view of the Board's use of Reyes' defiance of the immigration laws as a negative factor. We only note that it seems inconsistent with the screening function served by the motion to reopen as well as fundamentally unfair to the movant for the Board to weigh the equities before granting a hearing to enable the alien to present his or her case in full.

REVERSED and REMANDED.