**Herman SALDANA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

Nos. 84–7118, 84–7549.

United States Court of Appeals,
Ninth Circuit.

Filed March 28, 1986.

Heriberto Gonzales, Los Angeles, Cal., for petitioner.

Dzintra Janavs, Los Angeles, Cal., for respondent.

Before GOODWIN, FLETCHER and PREGERSON, Circuit Judges.

ORDER

On page 826 of 762 F.2d, under A. *Standard of Review* delete the following:

Motions to reopen and motions to reconsider are not substitutes for hearings. The function of the BIA in dealing with these motions is not to determine whether the alien is eligible for relief under section 1254(a)(1). Rather, the BIA merely must determine whether the alien

has set forth a prima facie showing that the deportation will result in extreme hardship. *See Reyes v. INS*, 673 F.2d 1087, 1089 (9th Cir.1982); *Hamid v. INS*, 648 F.2d 635, 636 (9th Cir.1981).

On page 827, 6 lines above B. *Merits*, change "*Reyes*, 673 F.2d at 1089" to "*Reyes v. INS*, 673 F.2d 1087, 1089 (9th Cir.1982)".

On page 827, at the end of the 1st full paragraph following B. *Merits*, add a footnote which will become footnote 1 and will read:

This holding is not inconsistent with *INS v. Wang*, 450 U.S. 139 (1980), because it merely requires that the BIA consider all the relevant evidence before making its determination of extreme hardship. Moreover, the instant case can be distinguished from *Wang* in two ways. First, in *Wang*, the Supreme Court expressly noted that the BIA had "considered the facts alleged." *Wang*, 450 U.S. at 144. Therefore, the Court was not faced with the issue whether the BIA abuses its discretion when it fails to consider all the evidence. Second, the allegations in *Wang* contained nothing to indicate that it was a "particularly unusual case." *Id.* at 145. Whereas, the recent violent death of Mrs. Saldana's first husband, who is also the father of Saldana's step-children, presents a unique situation. Nor is our decision in conflict with *INS v. Rios-Pineda*, —— U.S. ——, 105 S.Ct. 2098, 2103 (1985). We do not attempt to impose any particular definition of hardship on the BIA and, therefore, do not encroach on the Attorney General's authority.

On page 827, 2nd col., change the call for footnote 1 to footnote 2.

On page 829 in the penultimate paragraph of this opinion, delete: "Moreover, rather than merely looking to a dated record, the BIA should examine the issue of extreme hardship in light of current circumstances. *See Chookhae v. INS*, No. 84–7198 (9th Cir. April 1, 1985) (per curiam)."