7 F.3d 1044
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mohammad Taghi DANESHMAND, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9568.
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1993.
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 SEYMOUR
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This is a petition for review of a decision of the Board of Immigration Appeals (BIA) ordering petitioner's deportation and dismissing his appeal from an order of the immigration judge (IJ) finding him deportable and denying his request for asylum and withholding of deportation. We exercise jurisdiction under 8 U.S.C. 1105a, and affirm.
 
 
 4
 Petitioner, a native and citizen of Iran, entered the United States illegally from Mexico in July 1983, and was found by the IJ to be deportable on that basis. The IJ also denied petitioner's applications for political asylum and withholding of deportation, which were based on petitioner's asserted fear of persecution from the current government of Iran because of his former employment in the Royal Horse Society, an elite horse-riding club owned and administered by the former Shah. On appeal, petitioner argues he presented sufficient evidence to show both a well-founded fear of persecution and a clear probability of persecution, and he should be granted asylum and withholding of deportation.
 
 
 5
 Under the Immigration and Nationality Act, an otherwise deportable alien who fears that he or she will be persecuted if deported can obtain relief either through asylum or withholding of deportation. INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987). In order to obtain a grant of asylum, the alien must establish refugee status by proving "either past 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' " Kapcia v. INS, 944 F.2d 702, 706 (10th Cir.1991) (quoting 8 U.S.C. 1101(a)(42)). To be eligible for withholding of deportation, the alien must demonstrate with " 'objective evidence that it is more likely than not that he or she will be subject to persecution upon deportation.' " Id. at 709 (quoting Cardoza-Fonseca, 480 U.S. at 430)).
 
 
 6
 The BIA found that petitioner failed to establish a well-founded fear of persecution upon his return to Iran. This determination will be upheld unless petitioner's evidence was so compelling that "a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 and n.1 (1992). We review the record to see if subjectively petitioner has established a genuine fear and if objectively he has shown his fear is well-founded. Kapcia, 944 F.2d at 706. A well-founded fear of persecution involves more than restrictions or threats to life and liberty. Baka v. INS, 963 F.2d 1376, 1379 (10th Cir.1992). Based on our careful review of the record, we hold that petitioner has failed to make the requisite showing.
 
 
 7
 Because petitioner failed to establish a well-founded fear of persecution, it follows that he also failed to establish the higher "clear probability of persecution" standard required for withholding of deportation. See Kapcia, 944 F.2d at 709.
 
 
 8
 The petition for review is DENIED, and the decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 **
 Honorable RalphG. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3