42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mohammad Taghi DANESHMAND, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9513.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Petitioner Mohammad Taghi Daneshmand, appearing pro se, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his motion to reopen deportation proceedings. We exercise jurisdiction under 8 U.S.C. 1105a and affirm.
 
 
 2
 Petitioner, a native and citizen of Iran, entered the United States illegally from Mexico in July 1983. In 1985, the Respondent Immigration and Naturalization Service ("INS") rejected Petitioner's request for political asylum. Petitioner renewed his application for asylum when the INS initiated deportation proceedings. An immigration judge denied Petitioner's application for asylum and, finding him deportable, granted him voluntary departure. The BIA denied his appeal. Subsequently, we affirmed the decision of the BIA. See Daneshmand v. INS, No. 92-9568, 1993 WL 413678 (10th Cir. Oct. 18, 1993) (unpublished opinion).
 
 
 3
 On October 28, 1993, Petitioner filed a motion to reopen deportation proceedings with the BIA in order to apply for suspension of deportation under 8 U.S.C. 1254(a)(1). The BIA denied the motion, finding that Petitioner had failed to make a prima facie showing of extreme hardship as required by 1254(a)(1). This petition for review followed.
 
 
 4
 On appeal, Petitioner contends the BIA erred in finding that he had not made a prima facie showing of extreme hardship. We disagree.
 
 
 5
 We review the BIA's denial of Petitioner's motion to reopen deportation proceedings for abuse of discretion. INS v. Doherty, 112 S.Ct. 719, 725 (1992); Turri v. INS, 997 F.2d 1306, 1311 (10th Cir.1993). A motion to reopen deportation proceedings must "state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary materials." 8 C.F.R. 3.8. In order to demonstrate eligibility for suspension of deportation in a motion to reopen, the alien must show: (1) seven years' continuous residence; (2) good moral character; and (3) that deportation would result in extreme hardship to the alien. 8 U.S.C. 1254(a)(1); INS v. Rios-Pineda, 471 U.S. 444, 445-46 (1984); Turri, 997 F.2d at 1308.
 
 
 6
 The BIA has broad discretion to deny a motion to reopen, Rios-Pineda, 471 U.S. at 449, and may do so for "failure to establish a prima facie case for the relief sought." Doherty, 112 S.Ct. at 725. Where the BIA denies a motion to reopen due to the alien's failure to make a prima facie showing of extreme hardship, our review is limited to determining whether the BIA considered all factors relevant to an alien's claim of extreme hardship, and articulated reasons for denying relief. See Turri, 997 F.2d at 1308-09; accord Saldana v. INS, 762 F.2d 824, 827 (9th Cir.1985), opinion amended, 785 F.2d 650 (9th Cir.1986).
 
 
 7
 Here, Petitioner asserted in his motion to reopen that he had resided in the United States since 1983, was of good moral character, and would suffer extreme hardship from deportation. As grounds of extreme hardship, Petitioner alleged severance of community roots and employment in the United States, fear of immediate arrest upon return to Iran, and interruption of medical treatment.[3] Petitioner attached letters to his motion to reopen on his behalf from friends, colleagues, and a physician. In its decision denying Petitioner's motion to reopen, the BIA considered the letters, and each alleged area of extreme hardship raised by Petitioner. Further, the BIA articulated the reasons why it concluded Petitioner had not establish a prima facie showing of extreme hardship.
 
 
 8
 [Petitioner's] claim of extreme hardship consists primarily of generalized claims of economic and emotional hardship inferred from the statements of goodwill and friendship made by [Petitioner's] friends and colleagues.... No objective evidence of hardship was provided by [Petitioner]. Furthermore, [Petitioner] has provided no evidence to support his allegation that he would be immediately arrested if deported to Iran.... In addition, although [Petitioner] asserts that interruption of his medical care would result in hardship, he has not submitted any evidence regarding what type of medical treatment he is undergoing or the effect that deportation would have.... Nor has he attached to his motion any evidence to indicate that medical treatment is unavailable in his native country. Thus, there is nothing in the record to show that these health concerns would make deportation extremely hard upon himself.
 
 
 9
 Our review of the record satisfies us that the BIA considered all factors relevant to Petitioner's claim and articulated its reasons for denying relief. Therefore, we conclude the BIA did not abuse its discretion in finding Petitioner failed to make a prima facie showing of extreme hardship, see Turri, 997 F.2d at 1308-09, and thus did not abuse its discretion in denying Petitioner's motion to reopen deportation proceedings.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 In his brief, Petitioner asserts additional grounds of extreme hardship, including the high cost of medical insurance in Iran, scarcity of access to health care in Iran, and the inability to obtain comparable employment as a horse trainer in Iran. However, these alleged factors are not part of the administrative record because Petitioner failed to raise them in his motion to reopen. Thus, we are unable to consider them. See 8 U.S.C. 1105a(a)(4) (petition for review "shall be determined solely upon the administrative record"); Michelson v. INS, 897 F.2d 465, 467 (10th Cir.1990) (appellate review of final BIA order is limited to administrative record forming the basis for the decision below)