**Rodolfo Q. AGUSTIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 81–7819.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 27, 1982.*

Decided March 1, 1983.

Raymond Lee, Honolulu, Hawaii, for peti-
tioner.

Lauri Stevens Filppu, Joseph F. Ciolino,
General Litg. & Legal Section, Washington,
D.C., for respondent.

Before BARNES, WRIGHT and POOLE,
Circuit Judges.

---

* The panel finds this case appropriate for sub-
mission without argument pursuant to 28 U.S.     C.A. 9th Cir.R. 3(a) and Fed.R.App.P. 34(a).

PER CURIAM.

BACKGROUND

This is Rodolfo Agustin's third appeal from a decision of the Board of Immigration Appeals (BIA). Agustin now seeks review of the BIA's denial of reopening his deportation hearing to apply for suspension of deportation under 8 U.S.C. § 1254(a)(1).

Agustin, a 28 year old native and citizen of the Philippines, entered this country in 1974 with an immigrant visa as the spouse of a permanent resident of the United States. He divorced his first wife shortly after his entry and married Lydia Carino on May 7, 1975. Three children of this union were born in the United States.

Agustin was found deportable on October 12, 1978, on the grounds that his first marriage was a "sham" and that he did not have a valid labor certification. This court affirmed the BIA's deportation order on two occasions. *See Agustin v. INS*, 642 F.2d 455 (9th Cir.1981) and *Lydia Carino Agustin v. INS*, No. 81–7554. Agustin was also denied habeas corpus relief in the district court. *See In re Rodolfo Quicquic Agustin,* Civil No. 81–0306 (D.Haw. Aug. 28, 1981). He now appeals the BIA's denial of his motion to reopen the deportation proceedings in order to apply for suspension of deportation under 8 U.S.C. § 1254(a)(1).

ANALYSIS

■ The BIA has broad discretion to deny or grant motions to reopen. *INS v. Wang,* 450 U.S. 139, 143 n. 5, 101 S.Ct. 1027, 1030 n. 5, 67 L.Ed.2d 123 (1981); *Reyes v. INS,* 673 F.2d 1087, 1089 (9th Cir.1982). This court reviews denials of motions to reopen under the abuse of discretion standard. *Ro v. INS,* 670 F.2d 114, 116 (9th Cir.1982).

Agustin contends that the BIA abused its discretion by denying his motions to reopen and reconsider. He asserts, *inter alia,* that

subsequent to his deportation order he has met the statutory requirements of § 1254(a)(1),[1] has been in this country continuously for seven years and that his family will suffer extreme hardship if he is deported. This argument is meritless.

■ Meeting the physical presence requirement, without more, does not entitle an alien to a new hearing. He must also make a prima facie showing that his deportation will result in extreme hardship. *Reyes v. INS,* 673 F.2d 1087, 1089 (9th Cir. 1982); 8 C.F.R. § 3.8 (1980).

■ Claims of extreme hardship must be supported by affidavits or other evidentiary material. *Id.* Although the BIA must accept the truth of the facts asserted in an alien's affidavit, *Reyes v. INS,* 673 F.2d at 1090, the affidavits must be based on specific facts, not mere conclusions. *INS v. Wang,* 450 U.S. at 143, 101 S.Ct. at 1030.

■ Agustin's assertions of hardship were conclusory and unsupported by specific facts. His affidavit stated merely that his deportation would result in extreme economic and emotional hardship to himself, his wife, and his children.

To support this contention he submitted two letters from his labor union acknowledging that he had been a member since 1974, and a letter from his minister acknowledging Agustin's regular church attendance. Neither Agustin's affidavit nor his letters of support alleged facts which would support a prima facie case of extreme hardship.

Agustin's situation is no different from that of any other alien who must face deportation after residing in the United States for a number of years. Although his wife and children live in this country, his parents and five siblings reside in the Phil-

1. Section 1254(a)(1) permits the Attorney General in his discretion to suspend deportation and adjust the status of an alien to that of a lawful permanent resident. To be eligible for this relief, the alien must establish: (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of application; (2) good moral character during that period; and (3) deportation would result in extreme hardship to the alien or the alien's spouse, parent, or child who is a citizen or permanent resident of the United States.

**566**

ippines. He owns no real estate or business tying him to this country.

Agustin's motion to reconsider repeated his conclusory statements but alleged that if the hearing were reopened, he would present expert testimony regarding the detrimental effect that deportation would have on his family. This offer of proof is not enough to reopen deportation proceedings.

The regulations are quite explicit and framed in the negative. The BIA may not grant a motion to reopen unless certain prerequisites are met: affidavits or other evidentiary material *must be* presented. A general statement that evidence will be introduced at the hearing is insufficient. 8 C.F.R. § 3.8 (1980).

■ The BIA noted also that Agustin was able to meet the requisite seven years continuous residence in the United States to qualify under § 1254(a)(1) by filing numerous frivolous appeals in his effort to avoid deportation. While it may be improper in some cases for the BIA to weigh the equities of an alien's claim in deciding whether to grant a motion to reopen, *Reyes v. INS,* 673 F.2d at 1091, here the BIA denied Agustin's motion to reopen as a matter of administrative discretion, citing Agustin's failure to make a showing of extreme hardship as well as this "adverse" immigration history. The BIA need not consider statutory eligibility if the alien's application would have been properly denied as a matter of administrative discretion. *INS v. Bagamasbad,* 429 U.S. 24, 25–26, 97 S.Ct. 200, 201, 50 L.Ed.2d 190 (1976).

We find no abuse of discretion in the BIA's finding that Agustin failed to make a prima facie case of extreme hardship. We do not reach Agustin's other contentions.

AFFIRMED.