**Gangaram N. PATEL and Jasuben G. Patel, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 83–7633.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 1984.

Decided Aug. 28, 1984.

Jack I. Kaiser, San Francisco, Cal., for petitioners.

Joseph Ciolino, Regional Counsel, I.N.S., Washington, D.C., for respondent.

Before CHOY, PREGERSON, and REINHARDT, Circuit Judges.

PREGERSON, Circuit Judge:

Petitioners Gangaram N. and Jasuben G. Patel (Patels), husband and wife, seek review of an order of the Board of Immigration Appeals (BIA) denying their motion to reopen. The Patels contend that the BIA:

(1) abused its discretion in determining that they had failed to establish extreme hardship for purposes of suspension of deportation under 8 U.S.C. § 1254(a)(1) (1982) and (2) erred in rejecting their contention that section 19 of the Immigration and Nationality Amendments Act of 1981, Pub.L. No. 97–116, § 19, 95 Stat. 1611, 1621 (1981), codified at 8 U.S.C. § 1151 and accompanying note (1982), required the Attorney General to adjust the Patels' status as a matter of law. We affirm the order of the BIA.

The Patels are natives and citizens of India who first entered the United States in June 1974 as nonimmigrant visitors for pleasure. Shortly after arriving here, the Patels entered into a ten-year lease to operate an apartment-hotel. Before their authorized stay expired, the Patels moved the district director to adjust their status under 8 U.S.C. § 1255. Their application was based on their business investment. The district director denied their application.

The Patels remained longer than authorized and deportation proceedings were initiated. In the deportation proceedings the Patels renewed their application for adjustment of status based on their business investment. After a lengthy deportation proceeding, the BIA concluded that the Patels met the criteria for investor exemption under 8 C.F.R. § 212.8(b)(4) (1975).[1] The BIA, however, denied their application for adjustment of status as a matter of discretion because the BIA believed that the Patels had a preconceived intent to remain in the United States when they applied for their nonimmigrant visitors' visas. The BIA dismissed the Patels' appeal. In an unpublished disposition, we affirmed the BIA's decision. *Patel v. INS*, 703 F.2d 576 (9th Cir.1983).

On April 8, 1983, the Patels filed a motion to reopen with the BIA to apply for suspension of deportation under 8 U.S.C. § 1254(a)(1) and for adjustment of status under 8 U.S.C. § 1255(a) as nonpreference alien investors.

The BIA concluded that the Patels had failed to make a prima facie showing of hardship under 8 U.S.C. § 1254(a)(1) and that the Patels were not entitled to adjustment of status as a matter of law under 8 U.S.C. § 1255. Accordingly, the BIA denied their motion to reopen. The Patels filed the present petition seeking review of the BIA's denial.

■ We review the denial of a motion to reopen for abuse of discretion. *See Agustin v. INS*, 700 F.2d 564, 565 (9th Cir.1983). The BIA has broad discretion in ruling on motions to reopen but it may not exercise its discretion in a way that is arbitrary, irrational or contrary to law. *Batoon v. INS*, 707 F.2d 399, 401 (9th Cir.1983).

### 1. *Suspension of Deportation*

■ The Attorney General has the discretion to adjust the status of an alien to that of a lawful permanent resident if the alien establishes (1) continuous physical presence in the United States for a period of at least seven years preceding the date of application, (2) good moral character during that period, and (3) extreme hardship to the alien or the alien's spouse, parents, or child who is a citizen or permanent resident of the United States, if the alien is deported. 8 U.S.C. § 1254(a)(1); *Israel v. INS*, 710 F.2d 601, 604 (9th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1421, 79 L.Ed.2d 746 (1984). The alien bears the burden of demonstrating both statutory eligibility and equities meriting the favorable exercise of discretion. *Id.* At issue in this case is whether the Patels made a prima facie showing of "extreme hardship".

When an alien moves to reopen the deportation hearing under 8 U.S.C. § 1254(a)(1), the alien must make a prima facie showing that deportation would result in extreme hardship. *Id.* "The BIA has discretion to construe extreme hardship narrowly." *Id.* at 605.

---

1. 8 C.F.R. § 212.8(b)(4) was amended effective October 7, 1976. Because the Patels had properly applied for investor status before that date, the pre-amendment regulation governed this case.

The Patels alleged several factors to support their contention that deportation would result in extreme hardship to them. They claimed that deportation would cause them emotional hardship because their family would be separated and they would be uprooted from the community where they had resided for several years and established close ties. The Patels also alleged that they no longer had relatives in India.[2]

In addition, the Patels alleged that deportation would result in economic hardship because they would be forced to relinquish their home and their business investment. The Patels emphasized that they had no means of earning a living in India.

Finally the Patels alleged that their deportation would cause Mr. Patel medical hardship because he suffered from hypertension. Deportation would preclude him from continuing treatment with his physician of several years. This was the only allegation of hardship supported by evidentiary material.

The BIA concluded that the Patels had failed to make a prima facie showing of extreme hardship. Specifically, the BIA noted that (1) the Patels had barely achieved the minimum physical presence required under § 1254(a)(1), and (2) the Patels owned substantial assets, and (3) the only evidence of medical hardship was that Mr. Patel was under treatment for mild to moderate hypertension.

The Patels essentially contend that the BIA abused its discretion because it failed to consider all relevant factors in support of their claim of extreme hardship and failed to articulate an adequate basis for its decision.

This court has consistently held that BIA must consider all relevant factors in determining whether the alien established extreme hardship and that the BIA must demonstrate that it has done so. *Batoon v. INS*, 707 F.2d at 401. "Cursory, summary or conclusory statements are inadequate." *Id.*

We have, however, also emphasized that 8 C.F.R. § 3.8 (1984) requires that a motion to reopen state the new facts to be proved at the reopened hearing and that the motion must be supported by affidavits or other evidentiary material. *See Agustin v. INS*, 700 F.2d at 566. "A general statement that evidence will be introduced at the hearing is insufficient." *Id.* Thus, in the context of a motion to reopen, the BIA is not required to consider allegations unsupported by affidavits or other evidentiary material. *See, e.g., Id.* at 565–66; *Sida v. INS*, 665 F.2d 851, 853 (9th Cir.1981). "Failure to allege new facts supported by evidentiary material is an adequate ground for denial of a motion to reopen." *Sida v. INS*, 665 F.2d at 853.

Only the Patels' claim of medical hardship was supported by evidentiary material. The Patels failed to submit affidavits from themselves, their children, or members of their community or any other evidentiary material to support their other hardship claims.[3]

In these circumstances, the BIA was required to consider only the Patels' claim of medical hardship. The BIA properly concluded that the allegations of medical hardship were insufficient to establish a prima facie case of extreme hardship. The

---

**2.** When the Patels filed their motion to reopen, their oldest son, who was a lawful permanent resident, resided in California. Their youngest son, who entered the United States with his parents, resided with them. Their daughter lived in India but was at that time a beneficiary of a second preference visa. Their daughter has since become a lawful permanent resident of the United States.

The Patels urge us to consider their daughter's presence in the United States in evaluating their hardship claim. We cannot consider this factor as it was never presented to the BIA. If the Patels seek consideration of this new factor, they are required to first present this claim to the BIA through a motion to reopen. *See, e.g., Ramirez-Gonzales v. INS*, 695 F.2d 1208, 1213–14 (9th Cir.1983).

**3.** The Patels submitted affidavits from individuals who averred that the Patels had met the seven-year continuous residence requirement. 8 U.S.C. § 1254(a)(1) (1982). There was no dispute that the Patels met this requirement.

physician's letter submitted by the Patels merely confirmed their allegation that Mr. Patel was under treatment for mild to moderate hypertension and recommended continued treatment. Unlike the physician's affidavit presented in *Batoon v. INS,* 707 F.2d at 401, the physician's letter in this case did not state that Mr. Patel would suffer serious health problems if deported. Nor was there any evidence to support the Patel's assertion that adequate medical treatment was unavailable in India.

In these circumstances we find that the BIA properly addressed the factors it was required to consider with regard to the Patel's claim of extreme hardship. The BIA did not abuse its discretion in concluding that the Patels had failed to make a prima facie showing of extreme hardship.[4]

*2. Adjustment of Status*

■ The Patels also sought to reopen their deportation hearing to apply for adjustment of status under 8 U.S.C. § 1255. The Patels insist that they are entitled to adjustment of status as a matter of law under Section 19 of the 1981 efficiency amendments to the Immigration and Nationality Act of 1981. Pub.L. No. 97–116, § 19, 95 Stat. 1611, 1621 (1981), 8 U.S.C. § 1151(a) and accompanying note.[5] The Patels argue that section 19 of the efficiency amendments of 1981 removed the Attorney General's discretionary authority, expressly granted in 8 U.S.C. § 1255, to rule on applications for adjustment of status.

The Patels claim that they are within the intended beneficiaries of Section 19 and thus the Attorney General must adjust their status.

Contrary to the Patels' assertion, the BIA did address this claim. Our review of Section 19 and its legislative history, convinces us that the BIA was correct in rejecting the Patels' interpretation of the statute.

On its face, Section 19 does not divest the Attorney General of the discretionary authority Congress expressly granted in 8 U.S.C. § 1255. The plain language of Section 19 only exempts from the numerical limitations established by Congress in 8 U.S.C. §§ 1151 and 1152 a narrowly defined class of nonpreference alien investors. Thus Section 19 only provided visa *availability* for those nonpreference alien investors who met the criteria enunciated therein. As such, Section 19 only qualified some alien investors for adjustment of status by making visas available to them. The legislative history of Section 19 clearly supports this interpretation.

In enacting Section 19, Congress was concerned with the fact that changes in the immigration laws resulted in eliminating visa numbers for aliens seeking to immigrate under nonpreference categories. *See* H.R.Rep. No. 264, 97 Cong., 1st Sess. 35–36, *reprinted in* 1981 U.S.Code Cong. & Ad.News 2577, 2604–05. The intended beneficiaries of Section 19 were alien investors who had applied for adjustment of status

---

4. Because the Patels failed to make a prima facie showing of statutory eligibility for suspension of deportation under § 1254(a)(1), we need not address the issue whether the BIA abused its discretion by declining to reopen their hearing as a matter of administrative discretion.

5. Section 19 of the Immigration and Nationality Amendments Act of 1981, Pub.L. No. 97–116 § 19, 95 Stat. 1611, 1621 (1981) provides:

The numerical limitations contained in sections 201 and 202 of the Immigration and Nationality Act shall not apply to any alien who is present in the United States and who, on or before June 1, 1978—

(1) qualified as a nonpreference immigrant under section 203(a)(8) of such Act (as in effect on June 1, 1978);

(2) was determined to be exempt from the labor certification requirement of section 212(a)(14) of such Act because the alien had actually invested, before such date, capital in an enterprise in the United States of which the alien became a principal manager and which employed a person or persons (other than the spouse or children of the alien) who are citizens of the United States or aliens lawfully admitted for permanent residence; and

(3) applied for adjustment of status to that of an alien lawfully admitted for permanent residence.

8 U.S.C. § 1151(a) and accompanying note (1982).

Section 19 became effective after the Patels' deportation hearing concluded.

based on their investor status before the nonpreference numbers became unavailable. *Id.* The investors were unable to adjust their status because of processing delays by the INS and the intervening depletion of visa numbers. *Id.* at 2582. Congress believed this to be inequitable and therefore enacted Section 19 to exempt from the numerical limitations Congress had imposed in 8 U.S.C. §§ 1151 and 1152 aliens who qualified for nonpreference visas as investors prior to June 1, 1978, the last date nonpreference immigrant visa numbers were available. *Id.* at 2619.

No language in the legislative history of Section 19 expressly divests the Attorney General of the discretionary authority to rule on applications for adjustment of status previously granted in § 1255. Had Congress so intended, it would have expressly so stated. *See, e.g., Employment Development Dept. v. U.S. Postal Service,* 698 F.2d 1029, 1037 and n. 14 (9th Cir. 1983), *jur. noted* — U.S. ——, 104 S.Ct. 696, 79 L.Ed.2d 162 (1984), quoting *Morton v. Mancari,* 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2482–83, 41 L.Ed.2d 290 (1974), (where there is no clear contrary intention, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.) Accordingly, the BIA properly rejected the Patels' interpretation of Section 19.

We affirm the BIA's denial of the motion to reopen and deny the petition for review.

AFFIRMED.