91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel Policarpio SANDIL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70719.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sandil petitions for review of the Board of Immigration Appeals' (Board) denial of suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1254(a)(1). We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review decisions denying deportation suspension under section 244 for "abuse of discretion." Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). The INS may narrowly define extreme hardship, a requirement for deportation relief under section 244. See INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981). However, an abuse of discretion includes a failure to consider all relevant facts. Hyun Joon Chung v. INS, 720 F.2d 1471, 1475 (9th Cir.1983), cert. denied, 467 U.S. 1216 (1984). The alien bears the burden of demonstrating eligibility for relief under section 244(a). Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 4
 Sandil claims that he will suffer extreme hardship because of three reasons: (1) separation from his three year old daughter, an American citizen; (2) difficulty finding work in the Philippines; and (3) inability to secure adequate medical care in the Philippines. The Board affirmed the immigration judges's conclusions and reasonings and found that Sandil's claims did not constitute extreme hardship.
 
 
 5
 The IJ's conclusion that separation from his daughter would not constitute extreme hardship to either him or her is reasonable. Sandil has difficulty in communicating with his daughter, who only speaks Spanish, a language which Sandil does not. Also, his daughter does not live with him. Sandil's separation from his daughter is, therefore, clearly within the general type of hardships which we have ruled not "extreme." See Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir.1994) (uprooting or family or difficulty in finding work insufficient for a finding of extreme hardship).
 
 
 6
 Sandil points to cases which state the Board's duty to consider the emotional impact of deportation on citizen-children. See Cerrillo-Perez v. INS, 809 F.2d 1419, 1422-23 (9th Cir.1987) (extreme hardship in relocation and abandonment to citizen child must be considered); Urbana de Malaluan v. INS, 577 F.2d 589, 594 (9th Cir.1978) (hardship to family presents prima facie case to reopen case to show extreme hardship); Villena v. INS, 622 F.2d 1352, 1359 (9th Cir.1980) (newly born children and other family considerations permit reopening of case to show extreme hardship); Bastidas v. INS, 609 F.2d 101, 105 (3d Cir.1979) (IJ must take into account emotional, noneconomic hardship as well as separation from family members); Ramos v. INS, 695 F.2d 181, 189 (5th Cir.1983) (Board must consider noneconomic hardship, including hardship to parents left in the United States). The Board's decision, incorporating the IJ's decision, however, did consider this factor of emotional hardship resulting from separation and was justified in finding it insufficient. Shooshtary, 39 F.3d at 1051 (general difficulties common to deportation do not constitute extreme hardship).
 
 
 7
 Similarly, mere difficulty in finding work is not sufficient for a finding of extreme hardship. It is true, as Sandil points out, that a complete inability to sustain oneself can be a basis for extreme hardship. See Santana-Figueroa v. INS, 644 F.2d 1354, 1357 (9th Cir.1981) (if aged person can find no means of support and may experience "untreated illness, malnutrition, or starvation," extreme hardship may be found). However, Sandil presented no evidence that no work will be available to him, only that work would be difficult to find. This is not a basis for suspension. Shooshtary, 39 F.3d at 1051.
 
 
 8
 Last, Sandil argues that in the Philippines he will be unable to buy or afford the costly medicines he needs for his diabetes and hypertension. Sandil's health was only touched upon in the proceedings below. Before the Board, Sandil merely argued in his brief that he will be unable "to afford medical treatment" for his condition. The IJ, in his oral decision, found that "[i]n terms of health, except for diabetes, the respondent stated that he is otherwise in good health, as is his wife and the four children that he fathered." This conclusion was apparently based upon the following testimony at Sandil's hearing:
 
 
 9
 Q: Are you in good health? Are you suffering from any disease or injury?
 
 
 10
 A: No, just I hope only uh, diabetic but uh, now it's going down already.
 
 
 11
 Sandil attached a physician's statement to his informal brief to this court. We cannot consider this document, as it is not part of the administrative record. See 8 U.S.C. § 1105a(a)(4); Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980), cert. denied, 456 U.S. 994 (1982). Considering that Sandil bears the burden to show extreme hardship, we conclude that the Board did not abuse its discretion in not finding extreme medical hardship. The evidence offered was too conclusory and undeveloped. Patel v. INS, 741 F.2d 1134, 1137-38 (9th Cir.1984) (absent specific evidence, beyond conclusory statements, that adequate health care is unavailable in homeland, extreme medical hardship is not shown).
 
 
 12
 In sum, the Board did not abuse its discretion in failing to find extreme hardship on the basis of Sandil's claims.
 
 
 13
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3