107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandra Consuelo RAUDA, a.k.a. Sandra Consuelo Rauda-Cruz;
Sergio Elias Vargas-Rauda; Sandra Mireya
Vargas-Rauda; Danny Alexander
Vargas-Rauda, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 6, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sandra Consuelo Rauda and her three minor children, natives and citizens of Honduras, petition pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration Judge ("IJ") denying their requests for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for an abuse of discretion the BIA's determination that an applicant has failed to establish extreme hardship. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Although the BIA has the authority to construe "extreme hardship" narrowly, INS v. Wang, 450 U.S. 139, 145 (1981) (per curiam), it must consider all factors bearing on extreme hardship, Tukhowinich, 64 F.3d at 463.
 
 
 4
 To qualify for suspension of deportation, an applicant must show (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of the application, (2) good moral character for the same period, and (3) that she is a person whose deportation would result in extreme hardship to herself, or to a spouse, parent or child who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1254(a)(1); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 5
 Rauda contends that the BIA erred by denying her request for suspension of deportation because the BIA failed to consider the factors relating to extreme hardship. Specifically, Rauda argues that her deportation would cause her extreme hardship in that she would be unable to financially support her children and that her deportation would cause extreme hardship to her deaf mute son, Melvin, because he would be unable to benefit from the special education classes that he attends in the United States.[1] These contentions lack merit.
 
 
 6
 First, while some hardship necessarily flows from deportation, economic loss alone is insufficient to support a finding of extreme hardship. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). Rauda's claim that she will have difficulty securing comparable employment does not, without evidence of a complete inability to secure any employment, constitute extreme hardship. See Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980).
 
 
 7
 Second, because none of Rauda's children are lawful permanent residents, we cannot consider any hardship that may befall them. See 8 U.S.C. § 1254(a)(1). Rauda urges us to consider the fact that Melvin is the beneficiary of an approved visa petition filed by his father and that he is "nearly" a "resident alien." We cannot consider this factor as it was never presented to the BIA. See Patel v. INS, 741 F.2d 1134, 1137 n. 2 (9th Cir.1984). If Rauda seeks consideration of this new factor, she must first present this claim to the BIA through a motion to reopen. See id.
 
 
 8
 We conclude that the BIA properly considered all the relevant factors and did not abuse its discretion by affirming the IJ's denial of suspension of deportation based upon Rauda's failure to establish extreme hardship. See Tukhowinich, 64 F.3d at 463.
 
 PETITION FOR REVIEW DENIED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Melvin is not a party to these proceedings
 
 
 [2]
 Rauda's three minor children waived their right to appeal before the IJ. They have not asserted that this waiver was not considered and intelligent. See United States v. Lopez-Vasquez, 1 F.3d 751, 753 (9th Cir.1993) (per curiam). Moreover, even if the waiver was not considered and intelligent, the children cannot show that they were prejudiced by the waiver, see Nicholas v. INS, 590 F.2d 802, 809 (9th Cir.1979), because their 1993 entry precludes them from satisfying the seven-year requirement for suspension of deportation, see 8 U.S.C. § 1254(a)(1). Accordingly, we dismiss their petitions for review for lack of jurisdiction. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987)