113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Antonio LOPEZ-ALVAREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70254.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 29, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Adl-bwy-jaf.
 BIA
 REVIEW DENIED.
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oscar Antonio Lopez-Alvarez petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration Judge denying his application for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). Lopez contends that the BIA abused its discretion in finding that his deportation would not result in extreme hardship. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's denial of an application for suspension of deportation for abuse of discretion. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Suspension is an exceptional remedy warranted only under "unique extenuating circumstances." See Ramirez-Durazo v. INS, 794 F.2d 491, 499 (9th Cir.1986).
 
 
 4
 To be eligible for relief under section 244(a)(1), an applicant must show (1) continuous physical presence in the United States for a period of at least seven years immediately preceding his application; (2) good moral character during such period; and (3) that his deportation will result in extreme hardship to him or his spouse, parent or child who is a citizen of the United States or a lawful permanent resident. See 8 U.S.C. § 1254(a)(1) (1995). The BIA may define extreme hardship narrowly. See INS v. Wang, 450 U.S. 139, 145 (1981); Tukhowinich, 64 F.3d at 463. The BIA must consider all factors cumulatively in determining whether relief from deportation is warranted. See Watkins v. INS, 63 F.3d 844, 850 (9th Cir.1995).
 
 
 5
 We conclude that the BIA did not abuse its discretion in finding that Lopez failed to establish extreme hardship. The BIA properly considered that Nicaragua's depressed economy and unstable political conditions would make it difficult for Lopez to obtain employment, see Gutierrez-Centeno v. INS, 99 F.3d 1529, 1533 (9th Cir.1996), but Lopez offered no evidence that it would be impossible for him to return to any of his former jobs as a teacher, an insurance adjuster, or a taxi driver. See Ramirez-Durazo, 794 F.2d at 498 (holding that reduced job opportunities and lower standard of living do not constitute extreme hardship); see also Santana-Figueroa v. INS, 644 F.2d 1354, 1356 (9th Cir.1981) (holding that economic detriment by itself is insufficient to establish extreme hardship). At the time of the hearing, Lopez was thirty seven years old and in good health, and had been in the United States only two days over the minimum statutory requirement. He was not involved in any community activities, and Spanish remained his primary language. While Lopez and his family will be separated from his siblings who reside here, Lopez' parents and five other siblings live in Nicaragua.[1] See Ramirez-Durazo, 794 F.2d at 498 (noting that hardship would be alleviated by numerous relatives living in homeland).
 
 
 6
 The BIA considered all these factors and properly determined that while Lopez will undoubtedly suffer economic and emotional hardship as a result of his deportation, his hardship will not be extreme enough to warrant the exceptional relief available under section 244(a)(1).[2] See Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991); Tukhowinich, 64 F.3d at 463.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, petitioner's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Lopez' wife and three children were all unlawfully present in this country, the hardship they will suffer cannot be considered in assessing Lopez' claim. See 8 U.S.C. § 1254(a)(1). Evidence that Lopez' family might now be eligible for suspension of deportation was not presented below and therefore we do not consider it. See Patel v. INS, 741 F.2d 1134, 1137 n. 2 (9th Cir.1984)
 
 
 [2]
 Since we deny the petition for review, we do not consider the applicability of section 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)