**Sayyed Saeed TAGHIPOUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73765.

Agency No. A73–854–419.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2004.*

Decided March 10, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Jonathan D. Montag, Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Susan C. Lynch, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM**

Sayyad Saeed Taghipour, a native and citizen of Iran, petitions for review of the decision by the Board of Immigration Appeals ("BIA") denying his motion to reopen. We find that the BIA's decision is not an abuse of its discretion and DENY the petition for review.

Motions to reopen are governed by 8 U.S.C. § 1229a(c)(6). This court reviews the BIA's denial of a motion to reopen for abuse of discretion, regardless of the underlying relief requested. *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir.1996). In making this determination, we review the BIA's determination of purely legal questions de novo. *Id.* We review the BIA's factual findings to see if substantial evidence supports those findings. *Id.* The BIA is deemed to have abused its discretion if it incorrectly applies the law or if there is not substantial evidence to support its factual findings.

## I. Untimeliness of the Motion to Reopen

In general, a motion to reopen must be filed within ninety days after a final decision is rendered. 8 U.S.C. § 1229a(c)(6)(C)(i). The Board's original decision in this case was duly sent to petitioner's attorney of record on file with the BIA on May 1, 2001. The motion to reopen was due on or before July 30, 2001. Petitioner filed his motion to reopen on September 9, 2002, more than thirteen months too late. Accordingly, the BIA did not err in denying the motion as untimely.

Petitioner argues that his untimely motion to reopen should have been granted for two reasons. First, he alleges his former counsel failed to communicate the BIA's original decision to him until Febru-

ary 2002. Second, he alleges he has converted from Islam to Christianity, and thus his life would be in danger if he returned to Iran.

## II. Ineffective Assistance of Counsel

■ Petitioner argues that the time for him to file his motion to reopen should be tolled because his former counsel did not tell him the BIA had denied his application for asylum until February 2002, thus precluding him from filing in this court a petition for review of the BIA's original decision.

Where the petitioner's attorney "engaged in fraudulent activity causing an essential action in her client's case to be undertaken ineffectively, out of time, or not at all, equitable tolling is available." *Iturribarria v. INS*, 321 F.3d 889, 898 (9th Cir.2003). The filing deadline may be tolled until the petitioner, exercising due diligence, discovers the fraud, deception, or error. *Id.* Here, this exception would not apply because petitioner's motion to reopen was not filed until September 9, 2002. Even if petitioner did not learn of the BIA's decision until February 2002, that still does not explain why he waited another seven months to file his motion to reopen.

Further, the petitioner did not comply with the requirements for filing a motion to reopen based on ineffective assistance of counsel set forth by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). The petitioner must "1) submit an affidavit explaining his agreement with former counsel regarding his legal representation, 2) present evidence that prior counsel has been informed of the allegations against [him] and given an opportunity to respond, and 3) either show that a complaint against prior counsel was filed with the proper disciplinary authorities or explain why no such complaint was filed."

*Iturribarria*, 321 F.3d at 900. Here, it is undisputed that petitioner failed to comply with the *Matter of Lozada* requirements. Further, counsel's alleged ineffective performance is not clear from the record. In fact, at the end of the asylum hearing, the Immigration Judge commented that petitioner's attorney had done an "excellent" job.

Most importantly, petitioner has not demonstrated that the outcome of his case would have been any different had counsel informed him of the BIA's decision in a timely manner. Accordingly, petitioner has failed to show prejudice from counsel's alleged ineffective representation. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 825–26 (9th Cir.2003) (holding that failure to file brief on appeal to BIA constitutes ineffective assistance, but affirming the denial of habeas because petitioner could not show prejudice); *Iturribarria*, 321 F.3d at 899–900 (in order to show prejudice, a petitioner must establish his counsel's performance "was so inadequate that it may have affected the outcome of the proceedings").

## III. Conversion to Christianity

■ Petitioner also claims that he has now converted from Islam to Christianity and that this constitutes "new circumstances" warranting the reopening of his case. In support of this contention, petitioner submits a letter from the Iranian Christian Church that indicates he started attending church there in February 2002, the same month he found out his application for asylum on political grounds was denied.

A motion to reopen to apply for asylum "based on changed country conditions" that could not have been discovered or presented at the prior hearing, may be filed at any time. 8 U.S.C. § 1229a(c)(6)(C)(ii). This provision does not apply to changed conditions regarding

the petitioner's circumstances; it only applies to changed country conditions. Petitioner admits this, but argues that the changed circumstances of a petitioner are sufficiently analogous that the above provision should apply. Petitioner does not cite any legal authority for this proposition, and our research does not reveal any.

We find nothing in the law that compels the BIA to grant a motion to reopen due to changes in the petitioner's circumstances. Indeed, the Supreme Court has observed that "[g]ranting such motions too freely will permit endless delay or deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case." *INS v. Wang*, 450 U.S. 139, 143 n. 5, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam) (quoting *Villena v. INS*, 622 F.2d 1352, 1362 (9th Cir.1980) (en banc) (Wallace, J., dissenting)). Because petitioner did not present any new evidence of changed country conditions, the BIA did not abuse its discretion in denying the motion to reopen as untimely.

■ We also note that fear of persecution based on petitioner's conversion to Christianity is a new argument made for the first time on appeal. In his motion to reopen, petitioner asserted that the evidence offered was to support his previous claim for asylum based on his fear of persecution on account of his political opinion. He specifically said that his "claim is not based on religion," but then simply mentioned that he had now converted from Islam to Christianity. By failing to apply to the BIA for asylum based on his religion, petitioner has failed to exhaust his administrative remedies, and thus we cannot consider this new argument. *See* 8 U.S.C. § 1252(d).

■ Further, petitioner did not provide appropriate evidentiary support for his motion to reopen. A motion to reopen must be supported by affidavits, the new evidentiary material sought to be introduced, and, if necessary, a completed application for relief. *See* 8 U.S.C. § 1229a(c)(6)(B); *INS v. Wang*, 450 U.S. at 143, 101 S.Ct. 1027 (upholding BIA's denial of motion to reopen to apply for suspension because "the allegations of hardship were in the main conclusory and unsupported by affidavit."); *Patel v. INS*, 741 F.2d 1134, 1137 (9th Cir.1984) ("[I]n the context of a motion to reopen, the BIA is not required to consider allegations unsupported by affidavits or other evidentiary material."). Here, petitioner's claim that he has converted to Christianity is not supported by any affidavits.

■ Finally, the evidence submitted by petitioner in support of his motion to reopen based on his fear of persecution for his political views is not new evidence that was previously unavailable at the time of his first hearing. Petitioner is simply adding support to his original application, but this support does not change the basic claim already considered and rejected by the Immigration Judge.

**PETITION DENIED.**