*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

## Sara Diaz REYES, Petitioner,

v.

## Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Filed Nov. 29, 2006.

Michael J. Selph, Robert G. Berke, Esq., Berke Law Offices, Los Angeles, CA, for Petitioner.

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, FERNANDEZ, and GRABER, Circuit Judges.

## MEMORANDUM*

Sara Diaz Reyes petitions for review of the Board of Immigration Appeals' denial of her motion to reopen after she was ordered removed in absentia. We deny the petition.

When Diaz moved to reopen, she failed to support her motion with any affidavit or other admissible evidence. That, alone, was fatal to her motion. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1); *INS v. Wang,* 450 U.S. 139, 143, 101 S.Ct. 1027, 1030, 67 L.Ed.2d 123 (1981) (per curiam); *Patel v. INS,* 741 F.2d 1134, 1137 (9th Cir.1984); *Sida v. INS,* 665 F.2d 851, 853 (9th Cir.1981). Moreover, her failure yielded up her opportunity: to overcome

the presumption that she was aware of the contents of her application for asylum;[1] to overcome the presumption that she did receive notice;[2] and to demonstrate that she received ineffective assistance of counsel or other representative.[3]

Petition DENIED.

*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* 8 C.F.R. § 208.3(c)(2).

2. *See Busquets–Ivars v. Ashcroft,* 333 F.3d 1008, 1009–10 (9th Cir.2003); *Arrieta v. INS,* 117 F.3d 429, 431 (9th Cir.1997) (per curiam); *see also Matter of G–Y–R,* 23 I. & N. Dec. 181, 188–90, 2001 WL 1515819 (B.I.A. 2001).

3. *Reyes v. Ashcroft,* 358 F.3d 592, 596–97 (9th Cir.2004); *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000); *Matter of Lozada,* 19 I. & N. Dec. 637, 639–40, 1988 WL 235454 (B.I.A. 1988).

