668

Raul PEREZ–SUASTES, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–74964.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2008.*

Filed Nov. 24, 2008.

Jorge Ivan Rodriguez–Choi, Esquire, Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Thankful Townsend Vanderstar, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, T.G. NELSON, and THOMAS, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Raul Perez–Suastes ("Perez–Suastes") petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his removal proceedings. The parties are familiar with the facts of this case, and we repeat them only to the extent necessary to understand our disposition. This court has jurisdiction pursuant to 8 U.S.C. § 1252(b). We deny the petition for review and motion to stay the voluntary departure period.

■ Even assuming, as the BIA did, that Perez–Suastes stated new facts regarding two new medical conditions, he was required to demonstrate that the new evidence, when combined with the evidence presented at the original hearing, "would establish prima facie eligibility for the relief sought." *Bhasin v. Gonzales,* 423 F.3d 977, 984 (9th Cir.2005). The BIA "had discretion to assess the truth and sufficiency of the asserted facts without reopening proceedings for a hearing." *Hamid v. INS,* 648 F.2d 635, 637 (9th Cir.1981). It did not abuse its discretion here in denying Perez–Suastes's motion because he provided only one conclusory, general observation about work availability in Mexico in order to claim that removal would pose an exceptional and extremely unusual hardship for someone with his medical conditions. *See Agustin v. INS,* 700 F.2d 564, 565 (9th Cir.1983) ("[A]ffidavits must be based on specific facts, not mere conclusions.").

■ Because the BIA did not err in finding Perez–Suastes had failed to make a *prima facie* case of eligibility, the BIA did not err in denying him a hearing. Perez–Suastes points to no specific argument or piece of evidence which was not considered by the BIA. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006) (petitioner bears the burden of showing the BIA failed to consider the evidence). Thus, we find no due process violation.

■ Finally, Perez–Suastes's period of voluntary departure ended on August 31, 2004, when the BIA issued its decision on the motion to reopen and Perez–Suastes had no days remaining in his departure period. *See Garcia v. Ashcroft,* 368 F.3d 1157, 1159 (9th Cir.2004). Though he received a stay of departure in another case until April 29, 2005, *see Perez–Suastes v. Gonzales,* No. 04–72711, the BIA decision here appealed contained no grant or reinstatement of voluntary departure. This court has no authority to stay a departure period not granted in the appealed decision or to extend a stay already expired in another case. *See* 8 C.F.R. § 1240.26(f) ("Authority to extend the time within which to depart voluntarily ... is only within the jurisdiction of [Immigrations and Customs enforcement officials].")

We, therefore, DENY Perez–Suastes's petition for review and motion for stay of voluntary departure.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.