**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AURELIO RIVERA REYES, | No. 07-70551 |
| Petitioner, | |
| v. | Agency No. A096-349-786 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Aurelio Rivera Reyes, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen and reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

JT/Research

for abuse of discretion the denial of motions to reopen and reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

The BIA did not abuse its discretion in denying Rivera Reyes' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's November 14, 2006, order. *See* 8 C.F.R. § 1003.2(b)(1).

The BIA did not abuse its discretion in denying Rivera Reyes' motion to reopen because Rivera Reyes' statements in his motion were not supported by an affidavit or other evidentiary material. S*ee* 8 C.F.R. § 1003.2(c)(1); *Patel v. INS*, 741 F.2d 1134, 1137 (9th Cir. 1984) ("[I]n the context of a motion to reopen, the BIA is not required to consider allegations unsupported by affidavits or other evidentiary material.").

We do not consider the documents attached to Rivera Reyes' opening brief as they are not a part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

**PETITION FOR REVIEW DENIED.**