**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIY RAYSKYY, | No. 04-73868 |
| Petitioner, | Agency No. A079-813-149 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Sergiy Rayskyy, a native and citizen of Ukraine, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, *INS v. Doherty*, 502 U.S. 314, 323-24 (1992), and we deny in part and dismiss in part the petition for review.

We reject Rayskyy's contention that the BIA erred by failing to address his argument of worsening country conditions in Ukraine because Rayskyy's motion was not supported by an affidavit or other relevant evidentiary material. *See Patel v. INS*, 741 F.2d 1134, 1137 (9th Cir. 1984) ("[I]n the context of a motion to reopen, the BIA is not required to consider allegations unsupported by affidavits or other evidentiary material."); *see also Doherty*, 502 U.S at 323-24 (the moving party must show evidence could not have been discovered or presented at the former hearing). Moreover, to the extent Rayskyy contends the BIA failed to consider some or all of the evidence submitted with the motion to reopen, he has not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Accordingly, the BIA acted within its broad discretion in denying Rayskyy's motion to reopen. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

Rayskyy's contention that the BIA's summary affirmance of his asylum claim violated due process was not raised before the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004), in any event is foreclosed by *Falcon*

*Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir. 2003) (BIA's summary

affirmance procedure does not violate due process), and is dismissed.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**