**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAKHVEER SINGH,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-70261<br><br>Agency No. A096-137-872<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Lakhveer Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his third motion to reopen

removal proceedings.   We have jurisdiction under 8 U.S.C. § 1252.   We review

for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v.*

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's third motion to reopen because it was untimely and number-barred, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to demonstrate material changed circumstances in India to qualify for a regulatory exception for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(1), (3)(ii); *Najmabadi*, 597 F.3d at 991-92 (evidence must be "qualitatively different" to warrant reopening); *Patel v. INS*, 741 F.2d 1134, 1137 (9th Cir. 1984) ("[I]n the context of a motion to reopen, the BIA is not required to consider allegations unsupported by affidavits or other evidentiary material.").

**PETITION FOR REVIEW DENIED.**