**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALONSO REYES-LOMELI, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | Nos. 17-70060 <br> 16-72760 <br><br> Agency No. A098-930-851 <br><br> MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before: CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

In these consolidated petitions for review, Jose Alonso Reyes-Lomeli, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") orders dismissing his appeal from an immigration judge's ("IJ") decision denying his request for a continuance, and denying his motion to reopen.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petitions for review.

The agency did not abuse its discretion or violate due process in denying Reyes-Lomeli's request for an additional continuance, for failure to show good cause. *See* 8 C.F.R. § 1003.29; *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge). Reyes-Lomeli conceded removability, he had been granted several prior continuances, he submitted no evidence that a visa petition had been filed on his behalf, and he has not addressed the IJ's determination that he abandoned his applications for cancellation of removal and asylum. *See Ahmed*, 569 F.3d at 1012 (listing factors to consider); *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (denial of a continuance was within the agency's discretion where relief was not immediately available to petitioner).

The BIA did not abuse its discretion in denying Reyes-Lomeli's motion to reopen for failure to establish a prima facie case for cancellation of removal, where he did not submit any hardship evidence. *See Najmabadi,* 597 F.3d at 986 (the BIA can deny a motion to reopen for failure to establish a prima facie case for the relief sought); *Patel v. INS*, 741 F.2d 1134, 1137 (9th Cir. 1984) ("[I]n the context of a

motion to reopen, the BIA is not required to consider allegations unsupported by affidavits or other evidentiary material."); 8 U.S.C. § 1229b(b)(1)(D). We reject Reyes-Lomeli's contention that the BIA applied an incorrect legal standard in denying the motion. 8 C.F.R. § 1003.2(c)(1).

**PETITIONS FOR REVIEW DENIED**.