NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OCTAVIANO URIAS-SEPULVEDA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 20-73617

Agency No.
A209-138-822

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2026
Phoenix, Arizona

Before: BERZON, CALLAHAN, and FRIEDLAND, Circuit Judges.

Octaviano Urias-Sepulveda, a native and citizen of Mexico, petitions for

review of the denial by the Board of Immigration Appeals ("BIA") of his motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

review the denial of a motion to reopen for abuse of discretion. *Valeriano v.*

*Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007). "The BIA abuses its discretion when

it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (citation modified). We deny the petition.

The BIA previously affirmed the decision of an Immigration Judge ("IJ") denying Urias-Sepulveda's application for cancellation of removal. The Board held that Urias-Sepulveda had not shown his removal to Mexico would result in exceptional and extremely unusual hardship to his United States citizen children. Urias-Sepulveda sought to reopen his case on the ground of ineffective assistance of counsel.

To show ineffective assistance of counsel "the petitioner must demonstrate first that counsel failed to perform with sufficient competence, and, second, that [he] was prejudiced by counsel's performance." *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). To show prejudice, the petitioner must show that his counsel's inadequate performance "*may* have affected the outcome of the proceedings." *Id.* at 793–94 (citation modified). The BIA denied Urias-Sepulveda's motion to reopen because he failed to show prejudice.

1. Urias-Sepulveda argues that he was prejudiced by his attorney's deficient performance because he was deprived of an opportunity to present evidence of his daughter's academic achievements and lack of educational opportunities in Mexico. But the only evidence Urias-Sepulveda submitted with his motion to reopen related to those topics was his declaration stating that his daughter had

2

"received many awards from her school, including a Presidential Award." His daughter's presidential award was submitted with Urias-Sepulveda's application for cancellation of removal. Urias-Sepulveda's vague statement about her "many awards" did not add any information of substance, so it was not sufficient to constitute new evidence. The BIA held that without additional evidence, it was "not persuaded that [Urias-Sepulveda] ha[d] presented plausible grounds for finding that his removal would result in exceptional and extremely unusual hardship to a qualifying relative." The BIA did not abuse its discretion because "[f]ailure to allege new facts supported by evidentiary material is an adequate ground for denial of a motion to reopen." *Patel v. INS*, 741 F.2d 1134, 1137 (9th Cir. 1984) (citation modified); *see* 8 CFR § 1003.23(b)(3) ("A motion to reopen proceedings . . . shall be supported by affidavits and other evidentiary material.").

2. Urias-Sepulveda argues that he was prejudiced because his attorney's deficient performance prevented him from filing a timely petition for review in this court of the BIA's cancellation of removal decision. The BIA recognized that "[p]rejudice is presumed when an attorney's ineffective assistance of counsel prevents the alien from filing a timely appeal in immigration proceedings." *See Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045–46 (9th Cir. 2000). But, the Board explained, the presumption of prejudice "is rebutted if the alien cannot show that he had plausible grounds for relief." *See Rojas-Garcia v. Ashcroft,* 339

3

F.3d 814, 826 (9th Cir. 2003). The Board held that Urias-Sepulveda did not show he had plausible grounds for relief because the only issue on appeal was the hardship determination and this court did not have jurisdiction to review that determination.

At the time of the BIA's decision affirming the denial of Urias-Sepulveda's application for cancellation of removal, our court had held that we did not have jurisdiction to review the BIA's exceptional and extremely unusual hardship determination. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003). In the interim period, however, the Supreme Court held that the circuit courts do have jurisdiction. *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

The BIA did not abuse its discretion by holding that it was not plausible that, had Urias-Sepulveda been able to file a timely petition for review, four years before *Wilkinson* was decided, our court would have held we had jurisdiction to grant that petition. Such a holding would have been contrary to the controlling law of our circuit at that time. *Cf. United States v. Cisneros-Resendiz*, 656 F.3d 1015, 1021–22 (9th Cir. 2011) (rejecting as "speculative" a noncitizen's argument that he had plausible grounds for relief because "immigration laws are in a near constant state of flux" so "he might have qualified for a family-based immigration option at some point in the future" even though he did not have that option at the time (quotation marks omitted)).

4

Nor is it plausible that our court would have granted Urias-Sepulveda's petition on the merits if we did have jurisdiction. Our court reviews the BIA's hardship determination for abuse of discretion. *Wilkinson*, 601 U.S. at 225. The BIA did not abuse its discretion in holding that Urias-Sepulveda did not show exceptional and extremely unusual hardship. Although Urias-Sepulveda argues that the IJ and BIA failed to consider all the relevant factors to the hardship determination, including economic and emotional hardship for his children, the IJ, whose reasoning the BIA adopted, expressly considered those factors.

Further, the Board's hardship determination is supported by the record. Cancellation of removal is reserved for hardship that "deviate[s], in the extreme, from the norm." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025). Given that Urias-Sepulveda's children are all healthy and doing well, and that they have additional family members, including their mother, in the United States, which is where they will stay if Urias-Sepulveda is removed, the hardship that Urias-Sepulveda's children face is "that which would normally be expected." *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001).

**PETITION FOR REVIEW DENIED.**