122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gloria LOZA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70697.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Sept. 3, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 2
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Gloria Loza, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of the immigration judge's order denying her application for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 5
 Loza contends that the BIA erred in finding that she failed to prove seven years' continuous presence in the United States. We disagree.
 
 
 6
 We review the BIA's finding of statutory ineligibility under a substantial evidence standard, see Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989), and its denial of the application for suspension of deportation itself for abuse of discretion, see Torres-Guzman v. INS, 804 F.2d 531, 532 (9th Cir.1986).
 
 
 7
 An alien seeking suspension of deportation bears the burden of showing: (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of application; (2) good moral character; and (3) that deportation would result in extreme hardship to herself or her qualifying spouse, parent or child. See 8 U.S.C. § 1254(a)(1) (1994) Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985). The seven years' physical presence requirement is a strict threshold criteria an alien must meet before the Attorney General may exercise discretion to suspend deportation. See Dasigan v. INS, 743 F.2d 628, 629-30 (9th Cir.1984). In order to make out a prima facie case, Loza must allege and support by affidavit or other evidentiary material the statutory requirements of section 1254(a)(1). See Limsico v. INS, 951 F.2d 210, 213 (9th Cir.1991).
 
 
 8
 Here, Loza submitted a photocopy of a letter by her pastor stating that she has been a member of his church for seven years. Because the pastor's statement was neither sworn nor a declaration subscribed as true under penalty of perjury, and the pastor was not present for cross-examination, the BIA properly accorded it little evidentiary weight. See 28 U.S.C. § 1746 (1994); Murphy v. INS, 54 F.3d 605, 611 (9th Cir.1995). Further, the pastor's statement was cursory and conclusory, without sufficient factual basis. See Agustin v. INS, 700 F.2d 564, 565 (9th Cir.1983) (per curiam). Moreover, while Loza did testify that she first came to the United States on September 1, 1988, she failed to provide any additional evidentiary material that could support her eligibility. See Limsico, 951 F.2d at 21.3.
 
 
 9
 Because the BIA's determination that Loza failed to establish seven years' physical presence in the United States was supported by substantial evidence, we therefore conclude that the BIA did not abuse its discretion by denying her application for suspension of deportation. See Hernandez-Luis, 869 F.2d at 498; Torres-Guzman, 804 F.2d at 532.[2]
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Since we deny the petition for review, we do not consider the applicability of section 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)
 
 
 [2]
 Even assuming that Loza did meet the eligibility requirements of physical presence, she has failed to show extreme hardship. First, her husband and two children have no legal status in the United States, while the rest of her family is still in Mexico. See Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir.1994). Second, she has not shown substantial integration into American culture. See Carnalla-Munoz v. INS, 627 F.2d 1004, 1007 (9th Cir.1980). Finally, there is no evidence that she would not be able to find employment in Mexico. See Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996)