NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN SARKSIAN, | No. 17-70276 |
| Petitioner, | Agency No. A078-528-835 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and GLEASON,[***] District
Judge.

Martin Sarksian petitions for review of the Board of Immigration Appeals'

("BIA") decision denying his motion to reopen removal proceedings. Sarksian made

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sharon L. Gleason, Chief United States District Judge for the District of Alaska, sitting by designation.

an untimely motion to reopen based on allegedly changed country conditions in Armenia. We review the denial of an untimely motion to reopen for abuse of discretion. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.    The BIA did not abuse its discretion in denying Sarksian's untimely motion to reopen. An untimely motion to reopen may be allowed if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) (quoting *Azanor v. Ashcroft*, 364 F.3d 1013, 1021–1022 (9th Cir. 2004)). To satisfy the changed country conditions exception, the petitioner must "clear four hurdles":

> (1) he ha[s] to produce evidence that conditions ha[ve] changed in [his country of origin]; (2) the evidence ha[s] to be "material;" (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he ha[s] to "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought."

*Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (quoting *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005)).

Here, Sarksian brought forward multiple forms of evidence that he claims show changed country conditions: (1) his own testimony, (2) media articles or expert reports describing the conflict between Armenia and Azerbaijan, and (3) State Department 2015 country reports on Armenia and Azerbaijan. But Sarksian's

testimony concerned events that happened in the 1990s—the evidence that was actually used and considered at his initial asylum hearing. Thus, that evidence cannot demonstrate changed country conditions or satisfy the requirement that it was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Sarksian also states that he fears arrest and disproportionate punishment on account of his Azeri ethnicity for evading military service. But Sarksian offers no evidence to demonstrate that the Armenian government disproportionately punishes Azeris for this crime. Indeed, we have long made clear that "[a]lthough the BIA must accept the truth of the facts asserted in an alien's affidavit, the affidavits must be based on specific facts, not mere conclusions." *Agustin v. INS*, 700 F.2d 564, 565 (9th Cir. 1983) (per curiam) (citation omitted).

The media reports also do not amount to material evidence. Three of the articles concern violence and displacement in Azerbaijan, not Armenia, and another article describes the torture of Azeri nationals by Armenia during the so-called "Bloody War" between the countries, which took place in the late 1980s. None of this evidence demonstrates changed country conditions reflecting that non-combatant, ethnic Azeris, like Sarksian, are currently tortured or killed in Armenia.

Lastly, the State Department reports concerning Armenia and Azerbaijan do not show material evidence of changed country conditions. Sarksian primarily relies on the 2015 Country Report on Human Right Practices for Armenia, which

described brutal police tactics used in arresting and interrogating citizens, poor prison conditions, and a failure of the legal system to provide fair trials. But the country report does not raise a concern for the persecution of Azeris in Armenia.

As a result, the BIA did not abuse its discretion in finding that Sarksian's evidence was not sufficiently material to justify reopening under 8 C.F.R. § 1003.2(c)(3)(ii). *See Najmabadi*, 597 F.3d at 989.

2. Nor did the BIA abuse its discretion in determining that Sarksian's new evidence would not entitle him to relief. Similarly to the materiality requirement, establishing a well-founded fear of future persecution requires that "the alien show that he faces a *particularized* threat of persecution." *See Kotasz v. INS*, 31 F.3d 847, 851–852 (9th Cir. 1994) (emphasis added). A "petitioner cannot simply prove that there exists a generalized or random possibility of persecution in his native country; he must show that he is at particular risk." *Id.* at 852. Thus, for the same reasons the BIA did not abuse its discretion in finding that Sarksian's evidence did not satisfy the materiality requirement, the BIA did not abuse its discretion in concluding that Sarksian failed to provide individualized evidence to demonstrate a well-founded fear of persecution. *See id.*

**DENIED.**